**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NATIONAL CITY BANK,

    Plaintiff,

v.                                    Case No. 06-CV-11768-DT

CYNTHIA CRUMP,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S "MOTION FOR AN ORDER HOLDING DEFENDANT CYNTHIA CRUMP IN CONTEMPT OF COURT"**

Pending before the court is Plaintiff National City Bank's "Motion for an Order Holding Defendant Cynthia Crump in Contempt of Court." After reviewing the motion and response, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will grant, in part, Plaintiff's motion.

**I. BACKGROUND**

On July 7, 2006, a clerk's entry of default judgment was entered against Defendant Crump in the amount of $ 924,231.26. Thereafter, Defendant was served with a subpoena to appear and produce documents at a creditor's examination scheduled for October 12, 2006. (Pl.'s Mot. at ¶¶ 2-3; Def.'s Resp. at ¶¶ 2-3.) Defendant did not appear for the creditor's examination, despite having been validly served with proper notice of the examination. Instead, the day before the examination, Defendant's civil attorney faxed Plaintiff's attorney a letter indicating that Defendant would not appear for the examination. (10/11/06 Letter, Def.'s Ex. A.)

Defendant asserts that "at the time Defendant received the subpoena she was under criminal investigation concerning loans which form the basis of Plaintiff's Complaint." (Def.'s Resp. at ¶ 4.) Thus, purportedly under the advice of her criminal attorney, Defendant's October 11, 2006 letter stated that she "will invoke her 5th Amendment right against self-incrimination and will not be answering any questions posed by [Plaintiff's counsel]." (10/11/06 Letter, Def.'s Ex. A.)

On November 1, 2006, Plaintiff filed the instant "Motion for an Order Holding Defendant Cynthia Crump in Contempt of Court." Plaintiff seeks (1) an order holding Defendant in contempt; (2) costs and attorney fees incurred in bringing the instant motion; and (3) any other relief which the court may deem appropriate, including the issuance of a warrant for Defendant's arrest. (Pl.'s Mot. Br. at 3 (unpaginated).) Through their respective attorneys, Defendant sent Plaintiff a letter the day after the motion was filed stating that Plaintiff did not seek concurrence prior to filing the motion and that, if Plaintiff so required, Defendant would formally appear at an examination solely to assert her Fifth Amendment right. (11/02/06 Letter, Def.'s Ex. B.) In her November 6, 2006 response, Defendant also indicates that she "is willing to appear for a creditor's examination to formally invoke her 5th Amendment rights, where appropriate." (Def.'s Resp. at 6 (unpaginated).)

## II. DISCUSSION

"The [Fifth Amendment] privilege against self-incrimination, safeguarding a complex of significant values, represents a broad exception to governmental power to compel the testimony of the citizenry. The privilege can be claimed in any proceeding,

2

be it criminal or civil, administrative or judicial, investigatory or adjudicatory." *Murphy v. Waterfront Com'n of New York Harbor,* 378 U.S. 52, 94 (1964) (citations omitted). Before a witness, such as Defendant, "is entitled to remain silent, there must be a valid assertion of the [F]ifth [A]mendment privilege. It is for the court to decide whether a witness' silence is justified and to require him to answer if it clearly appears to the court that the witness asserting the privilege is mistaken as to its validity." *In re Morganroth,* 718 F.2d 161, 167 (6th Cir. 1983) (internal citations omitted).

> A valid assertion of the [F]ifth [A]mendment privilege exists where a witness has reasonable cause to apprehend a real danger of incrimination. [*Hoffman v. United States,* 341 U.S. 479, 486 (1951).] A witness must, however, show a "real danger," and not a mere imaginary, remote or speculative possibility of prosecution. *United States v. Apfelbaum,* 445 U.S. 115, 128, 100 S.Ct. 948, 955-956, 63 L.Ed.2d 250 (1980). *Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972); *Rogers v. United States,* 340 U.S. 367, 374-75, 71 S.Ct. 438, 442-443, 95 L.Ed. 344 (1951); *cf., Marchetti v. United States,* 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968). While the privilege is to be accorded liberal application, the court may order a witness to answer if it clearly appears that he is mistaken as to the justification for the privilege in advancing his claim as a subterfuge. *Hoffman,* supra, 341 U.S. 486, 71 S.Ct. 818; *In re Brogna,* 589 F.2d 24, 27 (1st Cir.1979); *Ryan v. Commissioner,* 568 F.2d 531, 539 (7th Cir.1977), *cert. denied,* 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978).

*Id.*

From the limited record before the court, it appears that Defendant *may* be entitled to invoke the Fifth Amendment in response to *some* questions imposed during a creditor's examination. Nonetheless, Defendant's attempt to assert the privilege preemptively, purportedly in response to every conceivable question which Plaintiff may ask, is improper. "A blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance

of the questions. The privilege must be asserted by a witness with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify." *Id.* (citing *Hoffman*, 341 U.S. 486-88). Here, Defendant failed to appear at the deposition to invoke the amendment, under oath, in response to particular questions. Defendant's assertion, through counsel, that she "will invoke her 5th Amendment right against self-incrimination and will not be answering any questions posed by [Plaintiff's counsel]", (10/11/06 Letter, Def.'s Ex. A), is insufficient to invoke the privilege afforded by the Constitution.

The court is thus persuaded that Defendant has not properly invoked the Fifth Amendment. Accordingly, the court will grant Plaintiff's motion, in part, and require Defendant to appear at a creditor's examination within the next thirty days. While the court was initially inclined to award Plaintiff its attorney's fees incurred in bringing this motion, had Plaintiff complied with the local rules regarding seeking concurrence, the necessity of this motion may have been avoided. *See* E.D. Mich. LR 7.1(a). As early as November 2, 2006, Defendant has indicated that she would indeed appear at an examination, which is the ultimate relief that the court is granting in this order. Thus, the court will, at this point, decline to award Plaintiff its costs and attorney fees.

Nonetheless, Defendant is cautioned that the Fifth Amendment should not be misused. Defendant has indicated her intent to invoke the Fifth Amendment *where appropriate.* (Def.'s Resp. at 6.) Normally, invoking the amendment in response to every question is simply inappropriate. If disputes arise regarding the propriety of Defendant's invocation, Plaintiff may filed a renewed motion for sanctions or to hold Plaintiff in contempt. The court will then review the deposition transcript *in toto*, along

4

with relevant argument from the parties. If the court determines that Defendant is invoking the amendment improperly, the court will consider any future request for attorney's fees. In reviewing the deposition, the court will be guided, not only by any relevant authority provided by the parties, but also by the Sixth Circuit's statements in *In re Morganroth*:

> A witness risks a real danger of prosecution if an answer to a question, on its face, calls for the admission of a crime or requires that the witness supply evidence of a necessary element of a crime or furnishes a link in the chain of evidence needed to prosecute. In *Hoffman*, the Supreme Court held that a real danger of prosecution also exists where questions, which appear on their face to call only for innocent answers, are dangerous in light of other facts already developed. In such a situation a witness bears no further burden of establishing a reasonable cause to fear prosecution beyond asserting the privilege and identifying the nature of the criminal charge or supplying sufficient facts so that a particular criminal charge can reasonably be identified by the court. The witness has met his burden and the court does not need to inquire further as to the validity of the assertion of the privilege, if it is evident from the implications of a question, in the setting in which it is asked, that a responsive answer might be dangerous to the witness because an injurious disclosure could result. *Id.* 486-87, 71 S.Ct. 818-819. In appraising the claim, the court "must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence." *Id.* 487, 71 S.Ct. 818; *Malloy v. Hogan*, 378 U.S. 1, 34, 84 S.Ct. 1489, 1507, 12 L.Ed.2d 653 (1964) (White, J., dissenting); *United States v. Moreno*, 536 F.2d 1042, 1047 (5th Cir.1976); *Klein v. Smith*, 559 F.2d 189, 200 (2d Cir.1977), *cert. denied*, 434 U.S. 987, 98 S.Ct. 617, 54 L.Ed.2d 482 (1977).

*In re Morganroth,* 718 F.2d at 167.[1]

### III.  CONCLUSION

---

[1] The court is unpersuaded, at this point, by Plaintiff's argument that Mich. Comp Laws § 600.6110(3) requires Defendant to answer all questions at the creditor's examination, regardless of whether answering the question will, or could, incriminate her. Plaintiff has not provided any authority for the proposition that the state, or this court, can compel a witness to testify in contravention of her Fifth Amendment rights. If Plaintiff desires to persist in this line of argument, it is instructed to provide further authority in any renewed motion to hold Plaintiff in contempt.

IT IS ORDERED that Plaintiff National City Bank's "Motion for an Order Holding Defendant Cynthia Crump in Contempt of Court" [Dkt. # 7] is GRANTED IN PART.

IT IS GRANTED in that Defendant is ORDERED to appear for a creditor's examination, at a time and place convenient to Plaintiff, within thirty days from the date of this order. Plaintiff's remaining requests for relief are DENIED WITHOUT PREJUDICE.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 28, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 28, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522